UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TODD NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ESTEBAN ARROYO, et al.,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-00899-JNW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## 1. INTRODUCTION

Defendant Sirva, Inc. removed this motor vehicle accident case from state court to federal court based on diversity jurisdiction. Dkt. No. 1. Plaintiff Todd Nguyen moves to remand the case to state court. Dkt. No. 8. The parties don't dispute diversity of citizenship. The question is whether the amount in controversy exceeds $75,000.

Sirva's evidence consists of three things: (1) an email from a former employee mentioning that plaintiff has brain injury complaints, (2) plaintiff's refusal to stipulate that his damages are under $75,000, and (3) the complaint's allegation that plaintiff suffered "serious" injuries. Dkt. No. 9 at 2–5. Meanwhile, the one piece

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

of concrete evidence in the record—a ledger that Nguyen provided showing his actual medical expenses—reveals that he has incurred about $15,000 in medical bills. Dkt. No. 8 at 5–6.

This is not a close case. Sirva has failed to meet its burden of proving that the amount in controversy exceeds the jurisdictional threshold. The Court thus GRANTS Nguyen's motion to remand. Dkt. No. 8.

## 2. BACKGROUND

The facts are simple. On December 20, 2023, Nguyen was in a car accident. Dkt. No. 1-3 ¶ 1.1. He alleges that Defendant Esteban Arroyo, a Sirva employee driving a company truck, rear-ended him, seriously injuring him. *Id.* ¶¶ 1.5–3.5. He sued both Arroyo and Sirva in King County Superior Court on April 17, 2025, seeking damages for medical expenses, pain and suffering, lost wages, and related harms. *Id.* ¶¶ 4.1–8.5. Sirva removed the case to federal court on May 13, 2025, asserting diversity jurisdiction. Dkt. No. 1. Nguyen now moves to have the case sent back to state court, arguing Sirva failed to meet the amount in controversy requirement under 28 U.S.C. § 1332(a) Dkt. No. 8.

## 3. DISCUSSION

### 3.1  Legal standard

"A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)). Jurisdiction founded on diversity of parties requires complete diversity

and an amount in controversy greater than $75,000, exclusive of interest and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts consider "'summary-judgement-type evidence relevant to the amount in controversy at the time of removal'" to assess this showing; conclusory allegations about the amount in controversy will not suffice. *Id.* at 1090–91 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). So if there is any doubt about the right of removal, "[f]ederal jurisdiction must be rejected[.]" *Id.*

**3.2     The only evidence in the record shows that damages fall well below the jurisdictional threshold.**

The only summary-judgment-style evidence of damages in the record shows that Nguyen has incurred around $15,000 in medical expenses. Dkt. No. 13 at 2. Nguyen provided this ledger to Sirva on June 6, 2025, in response to Sirva's request for a statement of damages. *Id.* Sirva notably omitted this evidence from its opposition briefing, presumably because it undermines Sirva's argument that the amount in controversy exceeds $75,000. *See* Dkt. No. 9. This ledger represents the only concrete evidence of the specific amount of controversy, and it falls far short of the $75,000 jurisdictional requirement.

Sirva has provided no competent evidence to counter this concrete showing of limited damages. Instead, Sirva's notice of removal merely lists Nguyen's claims for relief and insufficiently concludes that they have a "good faith belief" that the amount sought will exceed the jurisdictional amount. Dkt. No. 8 at 3. Sirva provides no authority holding that conclusory statements or good-faith beliefs are sufficient in this inquiry. *Id.* at 3–4. Conclusory allegations that damages exceed the jurisdictionally required sum are not enough to confer jurisdiction. *Gaus*, 980 F.2d at 567; *see also Burns v. Windsor*, 31 F.3d 1092, 1096–97 (11th Cir. 1994).

### 3.3   Sirva's speculative arguments cannot overcome the concrete evidence of limited damages.

Sirva rests its remaining evidence on three insufficient foundations: (1) an email from a discharged staff member to an insurance adjuster discussing the nature of Nguyen's "primary complaints," (2) an email from Nguyen's counsel declining to stipulate that the amount of damages is under $75,000, and (3) the allegations in the initial complaint that Nguyen suffered "serious" injuries. Dkt. No. 13 at 2. None of these constitute the competent, summary-judgment-style evidence required to establish jurisdiction by a preponderance of the evidence.

Courts in this district have consistently rejected attempts to establish jurisdiction through a plaintiff's refusal to stipulate to damages below the jurisdictional threshold. *See Doyle v. Safeway, Inc.*, No. 3:19-cv-05015-RBL, 2019 WL 1199060, at *2 (W.D. Wash. Mar. 14, 2019); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198–99 (N.D. Cal. 1998).

The facts of *Doyle* parallel this case almost exactly. There, the plaintiff "claimed only the standard medical expenses . . . pain and suffering." Doyle, slip op. at *2. When defense counsel asked plaintiff's counsel to stipulate that damages were under the $75,000 limit and plaintiff's counsel refused, Judge Leighton rejected the argument that this refusal demonstrated jurisdiction, holding that "the denied admission, the blank stipulation, and the email are not sufficient to show the required amount is in controversy." *Id.* The Court reaches the same conclusion here about Nguyen's refusal to stipulate. As the Northern District of California explained in *Conrad*, "attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal." 994 F. Supp. at 1199.

Sirva also invokes "common sense" to claim that any brain injury automatically means the amount in controversy exceeds $75,000. Dkt. No. 9 at 4. But this analysis is conclusory and relies on speculation. Sirva points to email correspondence from a now-discharged paralegal stating that Nguyen's "primary complaints continue to be his brain injury/cognitive impairments." Dkt. No. 9 at 4. However, this email lacks the reliability required for summary-judgment-style evidence and falls far short of a formal judicial admission. The Court rejects Sirva's argument that any brain injury claim automatically meets the jurisdictional threshold. Such an approach would render the amount in controversy requirement meaningless in personal injury cases involving head trauma or any serious personal injury action. Sirva has provided no evidence of the severity of Nguyen's alleged

brain injury, no medical records documenting permanent disability, and no expert testimony about future damages.

Despite being provided with concrete evidence that Nguyen's medical expenses total about $15,000, Sirva relies only on speculative emails and conclusory analyses to suggest a greater amount in controversy. This minimal evidentiary showing requires the Court to engage in pure speculation regarding the amount in controversy, which is precisely what the Ninth Circuit forbids. *Gaus*, 980 F.2d at 567. The strong presumption against removal and the concrete evidence of limited actual damages compel the conclusion that the amount in controversy requirement has not been met.

## 4. CONCLUSION

In sum, Sirva has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court GRANTS Nguyen's motion to remand the action to state court. Pursuant to Local Civil Rule 3(i), this Order "shall become effective 14 days after the date [of its] filing."

Dated this 29th day of August 2025.

Jamal N. Whitehead
United States District Judge